**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                      :
MICHAEL LASANE,                       :
                                      :   Civil Action No. 08-4656 (MLC)
            Plaintiff,                :
                                      :
      v.                              :          OPINION
                                      :
JOHN CORZINE, et al.,                 :
                                      :
            Defendants.               :
_____:
```

**APPEARANCES:**

Michael Lasane, Plaintiff pro se
New Jersey State Prison, P.O. Box 861, Trenton, New Jersey 08625

**COOPER, District Judge**

Plaintiff, a prisoner confined at New Jersey State Prison ("NJSP"), seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights and state law.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to stats a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following allegations are taken from the Complaint and accepted as true for this review. Plaintiff alleges that in 1997, while confined at Garden State Correctional Facility, he was struck by another inmate and incurred severe injuries to his front teeth and jaw. Plaintiff was taken to St. Francis Hospital in Trenton, New Jersey, where hospital personnel pulled three front incisors, stitched his upper lip, and placed a temporary wire brace on his jaw. Plaintiff then was taken to NJSP, where the temporary brace was removed. Immediately thereafter, Plaintiff began to experience significant pain in his jaw, and requested treatment from prison medical staff.

Plaintiff was transferred to NJSP in August 1998. In response to Plaintiff's continuing complaints of pain, Dr. Leslie Hayling performed a root canal on Plaintiff's right front tooth. Dr. Hayling refused to refer Plaintiff to an expert who could restore the alignment of Plaintiff's teeth.

Plaintiff, after an x-ray revealed a cyst on the roof of his mouth in August 2007, was transported to the University Hospital of Medicine and Dentistry of New Jersey for removal of the cyst. Plaintiff was released with discharge instructions including restrictions against eating solid foods, prescriptions for a pain reliever and penicillin, and a periodontal swish. Plaintiff alleges that he was provided with soft foods only sporadically

and was not provided the prescribed periodontal swish.  He alleges that the failure to comply with the discharge instructions subjected him to unnecessary pain and, possibly, further injury. Plaintiff alleges that he notified Defendants Commissioner George C. Hayman and Administrator Michelle Ricci that he was being denied care conforming to the discharge instructions.

Plaintiff names as defendants Governor Jon Corzine, New Jersey Department of Corrections ("NJDOC") Commissioner George Hayman, Assistant Commissioner Lydell Sherrer, NJSP Administrator Michelle Ricci, Dr. Leslie Hayling, Correctional Medical Services, Inc. ("CMS"), CMS Vice President David Meeker, NJDOC employee Robert Paterson, NJDOC employee Thomas Farrell, NJSP Assistant Superintendent Jeffrey Bell, NJDOC Medical Director Dr. Ralph Woodward, CMS Regional Medical Director Dr. Lionell Anicette, CMS Pharmacy Director Kyle Mason, NJSP Supervisor for Dental Services John Doe #1, NJSP Medical Director Abu Ashan, NJSP Ombudsman Ms. Bethea, Mid-Atlantic Physicians Association, the University of Medicine and Dentistry of New Jersey, and St. Francis Hospital.

Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §

3

1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought as to prison conditions).

The Court, in determining the sufficiency of a pro se complaint, must construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quotes and cites omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (cites and quotes omitted). See Morse, 132 F.3d at 906 (court need not

4

credit <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting predecessor of § 1915(e)(2)). The standard for evaluating whether a complaint is "frivolous" is an objective one. <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A complaint also must comply with the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances. ... If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in <u>pro se</u> prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
>     (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added). <u>See, e.g.</u>, <u>Pruden v. SCI Camp Hill</u>, 252 Fed.Appx. 436 (3d Cir. 2007); <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007).

5

**III.   SECTION 1983 ACTIONS**

To state a claim for relief under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV.   ANALYSIS**

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes.  Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).  This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  Id. at 106.

The inmate first must demonstrate that his medical needs are serious.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if

those needs are 'serious.'"  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  Serious medical needs include those that have been diagnosed by a physician as requiring treatment or are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss.  Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The inmate then must show that prison officials acted with deliberate indifference to his serious medical need.  "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Also, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment.  Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made."  Inmates of Allegheny County

7

Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quotes and cites omitted). A doctor's judgment as to the proper course of a prisoner's treatment that ultimately is shown to be mistaken is at most medical malpractice, and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.2d at 110.

"Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest. Similarly, where knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care, the deliberate indifference standard has been met. ... Finally, deliberate indifference is demonstrated [w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment." Lanzaro, 834 F.2d at 346 (quotes and cites omitted). "Short of absolute denial, if necessary medical treatment [i]s ... delayed for non-medical reasons, a case of deliberate indifference has been made out." Id. (cites omitted). "Deliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that result[] in interminable delays and outright denials of medical care to suffering inmates." Id. at 347 (quotes and cites omitted). Compare Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir.

8

1993) (summary judgment properly granted to warden and state commissioner of corrections, against whom only allegation was they failed to respond to letters from prisoner complaining of prison doctor's treatment decisions), with Spruill, 372 F.3d at 236 (3d Cir. 2004) (non-physician supervisor may be liable under § 1983 if he knew or had reason to know of inadequate medical care).

**A.   Claims Against Dr. Leslie Hayling**

Plaintiff alleges that Dr. Leslie Hayling performed a root canal on Plaintiff's right front tooth, and refused to refer Plaintiff to an expert who could restore his teeth alignment, all shortly after Plaintiff's transfer to NJSP in August 1998. Plaintiff alleges that he experienced an increase in pain and sensitivity in his teeth after the root canal.  It appears that any Eighth Amendment claims here are time-barred.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).  The Court — even though the statute of limitations is an affirmative defense that may be waived by a defendant — may dismiss sua sponte a pro se civil rights claim under 28 U.S.C. § 1915(e)(2) where untimeliness is apparent from the complaint. See Hunterson v. Disabato, 244 Fed.Appx. 455, 457 (3d Cir. 2007); Johnstone v. United States,

9

980 F.Supp. 148 (E.D. Pa. 1997); Jones v. Bock, 127 S.Ct. 910 (2007) (if allegations of prisoner civil rights complaint establish relief is barred by affirmative defense, such as statute of limitations or exhaustion requirement, it may be dismissed for failure to state claim).  The requirement that federal courts review and dismiss any complaint that fails to state a claim, contained in both 28 U.S.C. § 1915A (which governs civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (which governs actions brought as to prison conditions), parallels the provision in 28 U.S.C. § 1915(e).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Here, New Jersey's two-year limitations period on personal injury actions, N.J.S.A. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J.S.A. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states'

interrelated limitations provisions regarding tolling, revival, and questions of application.  Wilson v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling due to minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling due to nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting rights, or has timely asserted rights mistakenly either by defective pleading or in the wrong forum.  See Freeman v. State, 347 N.J.Super. 11, 31 (App. Div.), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or

11

>    (3) where the plaintiff asserts her claims in a timely
>    manner but has done so in the wrong forum.

Id. n.9.

Assuming that the Complaint here otherwise stated an Eighth Amendment claim against Dr. Hayling, the claims against Dr. Hayling accrued much earlier than September 10, 2006, two years before the date of the Complaint, September 10, 2008.[1]  Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.  Thus, as set forth in the Complaint, Plaintiff's claims against Dr. Hayling are time-barred and will be dismissed.

**B.   Vicarious Liability**

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Okla. City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978) (liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

---

[1] "A claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). "Plaintiff's actual knowledge is irrelevant.  Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable.  Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621, at *2 (E.D. Pa. Feb. 2, 1996).

the injury" complained of); Natale v. Camden County Corr. Fac., 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (cites omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish such liability under § 1983 here, Plaintiff "must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). Plaintiff must show that, through deliberate conduct, the governmental entity was the moving force behind the injury. Monell, 436 U.S. at 689.

> A policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict. A custom is an act that has not been formally approved by an appropriate decisionmaker, but that is so widespread as to have the force of law.
>
> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply

13

>     an implementation of that policy.  The second occurs
>     where no rule has been announced as policy but federal
>     law has been violated by an act of the policymaker
>     itself.  Finally, a policy or custom may also exist
>     where the policymaker has failed to act affirmatively
>     at all, [though] the need to take some action to
>     control the agents of the government is so obvious, and
>     the inadequacy of existing practice so likely to result
>     in the violation of constitutional rights, that the
>     policymaker can reasonably be said to have been
>     deliberately indifferent to the need.

Natale, 318 F.3d at 584 (quotes, footnote, and cites omitted) (applying Monell standard to determine whether actions of employees could be attributed to corporate provider of health services to prisoners).

Plaintiff here fails to allege any facts suggesting a policy or custom on the part of Correctional Medical Services, Inc., or Mid-Atlantic Physicians Association that would establish the liability of these corporate actors.  Nor, with the exception of Defendants George Hayman and Michelle Ricci, does Plaintiff allege any personal involvement of any individual state actor defendants.  Instead, Plaintiff alleges liability on the basis of general job responsibilities.  Accordingly, the Eighth Amendment claims will be dismissed as against Defendants Jon Corzine, Lydell Sherrer, CMS, David Meeker, Robert Paterson, Thomas Farrell, Jeffrey Bell, Dr. Ralph Woodward, Kyle Mason, John Doe #1, Abu Ashan, Ms. Bethea, Mid-Atlantic Physicians Association, and Dr. Lionel Anicette.  The Eighth Amendment claims arising out of failure to comply with discharge instructions following

Plaintiff's August 2007 hospitalization may proceed as against Defendants George Hayman and Michelle Ricci only.

## C.    State Law Claims Against Hospitals

Liberally construed, Plaintiff seeks to assert a claim for medical malpractice as against Defendants St. Francis Hospital and the University of Medicine and Dentistry of New Jersey.

The claim against St. Francis Hospital, for services provided in 1997 are time-barred.  In addition, the allegations are not sufficient to state a claim against either hospital.

New Jersey law imposes on a medical professional:

> the duty to exercise in the treatment of his patient the degree of care, knowledge and skill ordinarily possessed and exercised in similar situations by the average member of the profession practicing in his field.  Failure to have and to use such skill and care toward the patient as a result of which injury or damage results constitutes negligence.

Schueler v. Strelinger, 204 A.2d 577, 584 (N.J. 1964) (physician); see Adams v. Cooper Hosp., 684 A.2d 506 (N.J.App.Div. 1996), cert. denied, 690 A.2d 610 (N.J. 1997) (nurse).  Plaintiff has failed to allege facts suggesting that either hospital entity failed to exercise that degree of care, knowledge, and skill ordinarily possessed and exercised in similar situations by the average physician or hospital.  Plaintiff also has failed to allege that he incurred any injury due to his treatment in either hospital entity.  These claims will be dismissed.

15

## V. CONCLUSION

Plaintiff's Eighth Amendment claims may proceed as against Defendants George Hayman and Michelle Ricci.  All other claims will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to file an amended complaint.[2]  The Court will issue an appropriate order.

                                                s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:     October 3, 2008

---

[2] When an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.